### In re UNITED TELEPHONE & ELECTRIC CO.

No. 1223.

District Court, D. Delaware.

Oct. 19, 1936.

1008

Stewart Lynch (of Biggs, Biggs & Lynch), of Wilmington, Del., and Benjamin F. Napheys, Jr., of Abilene, Kan., for Trustees.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., and B. I. Litowich (of Burch, Litowich & Royce), of Salina, Kan., for 7 per cent. Preferred Stockholders' Committee.

Arthur G. Logan (of Marvel, Morford, Ward & Logan), of Wilmington, Del., and John F. Rhodes (of Bowersock, Fizzell & Rhodes), of Kansas City, Mo., for Gates 6 per cent. Preferred Stockholders' Committee.

Howard Duane, of Wilmington, Del., and A. Z. Patterson, of Kansas City, Mo., for Common Stockholders' Committee.

Albert W. James (of Hering, Morris & James), of Wilmington, Del., and William Ritchie, of Omaha, Neb., for Allen 6 per cent. Preferred Stockholders' Committee.

NIELDS, District Judge.

Application of Henry J. Allen and others as a 6 per cent. Preferred Stockholders' Protective Committee for leave to intervene. This committee now holds upwards of 4,000 of such shares.

Heretofore Louis R. Gates and others as a 6 per cent. Preferred Stockholders' Protective Committee was granted leave to intervene. This committee now holds 21,850 of such shares.

Approximately one-fifth of the stock deposited with the Gates committee can be briefly denominated "Brown stock," the validity of which is seriously challenged by the Allen committee. Without prejudging to any extent the merit of this challenge, the court considers the Gates committee occupies a dual position with reference to such stock. As depository of that stock, it is bound to represent and assert the rights incident to such stock. Yet as sole committee it is bound to disregard the stock if it be invalid. These positions are inconsistent.

Ordinarily, one fairly representative committee for a particular class of security holders is sufficient. Before an additional committee for the same class should be permitted to intervene, strong and compelling reasons therefor should be shown. Each of these committees has been formed to protect the interests of the 6 per cent. preferred stockholders. Those stockholders, however, may be subdivided into two classes, those who paid cash for their stock in the open market, and those who received their stock for considerations other than cash and who were closely identified with the management of the debtor.

I am satisfied that sufficient reasons have been shown for the existence of the Allen committee and that it should be granted leave to intervene.